# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

A+ RESTORATIONS, INC.,

    Plaintiff,

v.                                             CV 416-122

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.

## ORDER

Pending before the Court is Defendant Liberty Mutual Insurance Company's Motion to Dismiss or in the Alternative, Judgment on the Pleadings (Dkt. No. 4). The motion has been briefed and is now ripe for decision. For the reasons stated below, the Defendant's motion is **DENIED**.

### FACTUAL BACKGROUND

Plaintiff A+ Restoration, Inc. ("Plaintiff") is a corporation which provides repairs for property damaged by nuisance wildlife. Dkt. No. 15 p. 2. In March 2014, Larry and Nancy Mitchell (the "Mitchells") became aware that raccoons had occupied their attic and were causing damage. Id. Defendant Liberty Mutual Fire Insurance Company ("Defendant") provided a

homeowner's insurance policy (the "Policy") to the Mitchells' home. Dkt. No. 15 p. 2. On March 31, 2014, the Mitchells contracted with Plaintiff to provide restoration services to clean and remediate the damage caused by the raccoons. Id. at 3. The agreement allowed Plaintiff to collect payments directly from Defendant for services rendered and the right to initiate legal proceedings against Defendant. Id. After completing the job around June 2014, Plaintiff alleges Defendant refused to pay the entire amount due. Id. In early August 2014, Defendant notified Plaintiff that it was refusing to pay any additional sum. Id. Plaintiff filed its complaint on April 20, 2016, seeking unpaid services totaling $98,794.79. Id. Plaintiff alleges that it became aware of the loss on March 31, 2014. Dkt. 1 ¶ 8. Defendant claims that since Plaintiff did not file its complaint until April, 2016, Plaintiff's claims on the Policy are time-barred by the suit limitations provision.

**LEGAL STANDARD**

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell

2

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (*per curiam*) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

## DISCUSSION

The sole issue on Defendant's Motion to Dismiss is whether or not Plaintiff's claims are time-barred. Plaintiff urges the Court to apply the four-year statute of limitations regarding breach of contract actions. Dkt. No. 15 at 5. Applying the four-year statute of limitations would allow this action to continue because the statute of limitations would not bar this action. Ga. Code Ann., § 9-3-25. Defendant argues that the Policy's two-year suit limitation provision should apply. Dkt. No. 4-1 p. 8. Applying the Policy's two-year suit limitation would warrant dismissal because Plaintiff failed to bring this action "within two years after the date of loss" under the Policy. Dkt. No. 4-2 p. 10 ¶ 8.[1]

---

[1] The Court may consider documents attached to Defendant's Motion to Dismiss to the extent these documents are referenced in Plaintiff's complaint. Laskar v. Peterson, 771 F.3d 1291, 1295 (11th Cir. 2014). Plaintiff references the Policy in its complaint and therefore the Policy itself may be considered under Rule 12(b)(6).

Under Georgia law, a suit limitation provision in an insurance contract is valid and enforceable. Little v. Allstate Ins. Co., 258 Ga. 404, 369 S.E.2d 248, 248-49 (1988). A suit limitation provision within an insurance policy may supersede the applicable statute of limitations regarding actions based upon that policy. SunTrust Mtg. v. Ga. Farm & Ins. Co., 416 S.E.2d 322 (Ga. App. Ct. 1992); Darnell v. Fireman's Fund Ins. Co., 154 S.E.2d 741 (Ga. App. Ct. 1967).

At this stage in the litigation, it is unclear in the record whether Plaintiff is bound by every term in the homeowner's policy or whether more limited terms were assigned to it. Plaintiff appears to allege that the assignment of rights between Plaintiff and Defendants was "limited" in that Plaintiff only accepted certain provisions of the Policy. Dkt. No. 1-1 ¶ 10. While Defendant has presented the Court with the Policy, neither party has presented the Court with the assignment contract. Therefore, the Court cannot yet find that the assignment of rights to Plaintiff included the suit limitations provision.

## CONCLUSION

For the reasons set forth above, Defendant Liberty Mutual Insurance Company's Motion to Dismiss or in the Alternative, Judgment on the Pleadings (Dkt. No. 4) is hereby **DENIED**.

**SO ORDERED**, this 30th day of November, 2016.

/s/ Lisa Godbey Wood
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA