# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

FILED
Scott L. Poff, Clerk
United States District Court

By casbell at 12:05 pm, Mar 15, 2017

A+ RESTORATIONS, INC.,

    Plaintiff,

v.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.

CV 416-122

## ORDER

Pending before the Court is Defendant Liberty Mutual Insurance Company's Renewed Motion to Dismiss or in the Alternative, Judgment on the Pleadings (Dkt. No. 23). The motion has been briefed and is now ripe for decision. For the reasons stated below, the Defendant's motion is **GRANTED**.

## FACTUAL BACKGROUND

Plaintiff A+ Restoration, Inc. ("Plaintiff") is a corporation which provides repairs for property damaged by nuisance wildlife. Dkt. No. 29 p. 2. In March 2014, Larry and Nancy Mitchell (the "Mitchells") became aware that raccoons had occupied their attic and were causing damage. Id. Defendant Liberty Mutual Fire Insurance Company ("Defendant") provided a

homeowner's insurance policy (the "Policy") to the Mitchells' home. Id. On March 31, 2014, the Mitchells contracted with Plaintiff to provide restoration services to clean and remediate the damage caused by the raccoons. Id. at 3. The agreement allowed Plaintiff to collect payments directly from Defendant for services rendered and the right to initiate legal proceedings against Defendant. Id. After completing the job, Plaintiff alleges Defendant refused to pay the entire amount due. Id.

In early August 2014, Defendant notified Plaintiff that it was refusing to pay any additional sum. Id. Plaintiff filed its complaint on April 20, 2016, seeking unpaid services totaling $98,794.79. Id. Plaintiff alleges that it became aware of the loss on March 31, 2014. Dkt. No. 1 ¶ 8. Defendant claims that since Plaintiff did not file its complaint until April, 2016, Plaintiff's claims on the Policy are time-barred by the suit limitations provision. The Court previously denied Defendant's Motion to Dismiss (Dkt. No. 4) partially because the Court could not dismiss this matter without consideration of the assignment contract between Plaintiff and the Mitchells (Dkt. No. 22). Defendant has now renewed its Motion to Dismiss, this time with the assignment contract attached as an exhibit.

◯ 72A
.ev. 8/82)

**LEGAL STANDARD**

When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (*per curiam*) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

**DISCUSSION**

The primary issues on Defendant's renewed Motion to Dismiss are 1) whether Plaintiff can alter the suit limitations period in the Policy through an assignment contract with the Mitchells and 2) if not whether or not Plaintiff's claims are time-barred. First, the Court turns to the plain language of the assignment

contract.[1] Importantly, the Defendant is not a signatory to the assignment:

> **THIS AGREEMENT IS NOT INTENDED TO ASSIGN RIGHTS BEYOND THAT NECESSARY TO COLLECT, OR ENFORCE COLLECTION, OF THE CHARGES FOR SERVICES RENDERED BY A+ Restorations, Inc. AND IS NOT AN ASSIGNMENT OF, NOR AN ATTEMPT TO ASSIGN THE INSURANCE POLICY ITSELF**

Dkt. No. 24-1.

This provision plainly indicates an intention to assign only the rights related to the collection of insurance payments from Defendant. Plaintiff, as assignee to the Policy, could only take the Policy subject to all of its provisions or none of it. S. Telecom v. TW Telecom of Ga., LP, 741 S.E.2d 234, 237-38 (Ga. App. 2013) (citation omitted). Indeed, Plaintiff "stands in the shoes" of the Mitchells and therefore is subject to the same contract provisions and defenses. Id. Part of the "rights . . . necessary to collect or enforce collection" is the window enabling such collection to proceed. Therefore, Plaintiff was assigned the Policy subject to the two-year suit limitations provision. Plaintiff makes few arguments to rebut the applicability of the suit limitations provision. Instead, Plaintiff argues this provision is unenforceable.

---

[1] The Court may consider documents attached to Defendant's Motion to Dismiss to the extent these documents are referenced in Plaintiff's complaint. Laskar v. Peterson, 771 F.3d 1291, 1295 (11th Cir. 2014). Plaintiff references the Policy in its complaint and therefore the Policy itself may be considered under Rule 12(b)(6).

⊃ 72A
.ev. 8/82)

Plaintiff urges the Court to apply the six-year statute of limitations regarding breach of contract actions. Dkt. No. 29 p. 5. See Ga. Code Ann., § 9-3-24. Defendant argues that the Policy's two-year suit limitation provision should apply. Applying the Policy's two-year suit limitation would warrant dismissal because Plaintiff failed to bring this action "within two years after the date of loss" under the Policy. Dkt. No. 23 p. 4 ¶ 8.

Under Georgia law, a suit limitation provision in an insurance contract is valid and enforceable. Little v. Allstate Ins. Co., 258 Ga. 404, 369 S.E.2d 248, 248-49 (1988). A suit limitation provision within an insurance policy may supersede the applicable statute of limitations regarding actions based upon that policy. SunTrust Mtg. v. Ga. Farm & Ins. Co., 416 S.E.2d 322 (Ga. App. Ct. 1992); Darnell v. Fireman's Fund Ins. Co., 154 S.E.2d 741 (Ga. App. Ct. 1967). Therefore, the suit limitations provision applies, and Plaintiff must have filed this action within "two years after the date of loss."

The parties contest when the "date of loss" occurred in this case. Dkt. No. 29 p. 7. Plaintiff urges the Court to consider the date of loss as either the date the Plaintiff finished its services, June 2014, or when Defendant refused to pay for the work done, August 2014. Id. p. 8. Alternatively,

Plaintiff argues the date of loss is at least ambiguous enough to survive dismissal. Id. Again, as an assignee, Plaintiff steps into the shoes of the Mitchells, and the date of loss is equally applicable to Plaintiff as it would be for the Mitchells. Telecom, 741 S.E.2d at 237-38. It is undisputed that the Mitchells learned of the damage caused by the raccoons on March 7, 2014. Dkt. No. 1-1 ¶ 7. Therefore by stepping into the shoes of the Mitchells, the date of loss was March 7, 2014. Telecom, 741 S.E.2d at 237-38. Regardless, Plaintiff itself was aware of the damage on March 31, 2016. Dkt. No. 1-1 ¶ 8. As this action was not filed until April 20, 2016, Plaintiff's claim is outside the two-year suit limitations provision and must be dismissed.

Plaintiff also alleges that even if the suit limitations provision applies, it still has valid unjust enrichment and *quantum meruit* claims. Dkt. No. 29 p. 9. However, Plaintiff has cited no law which indicates these claims override the two year suit limitation provisions in this case. Finally, the Court addresses Plaintiff's argument that the Court should allow Plaintiff to cure any deficiencies in its complaint before dismissing this action. Dkt. No. 29 p. 10. While the Court must freely grant leave to amend, it need not allow futile amendments. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). Allowing Plaintiff to amend its complaint would be

futile. Plaintiff offers no explanation of how an amendment could cure the defects, nor can the Court imagine such. The Complaint is time barred. Thus, the deficiencies in Plaintiff's complaint simply cannot be cured by amendment. Therefore, the Court grants Defendant's Motion to Dismiss.

## **CONCLUSION**

For the reasons set forth above, Defendant Liberty Mutual Insurance Company's Renewed Motion to Dismiss or in the Alternative, Judgment on the Pleadings (Dkt. No. 23) is hereby **GRANTED**.

**SO ORDERED**, this 15th day of March, 2017.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA